UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:18-cv-188-FDW

| | |
|---|---|
| JAMES C. McNEILL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )  ORDER |
| | ) |
| MARQUHNE BENJAMIN JOHNSON, et al., | ) |
| | ) |
| Defendants. | ) |

**THIS MATTER** comes before the Court on *pro se* Plaintiff's Request for Production of Documents, (Doc. No. 33), and Motions to Compel Discovery, (Doc. Nos. 35, 40, 49, 52).

The Complaint passed initial review on claims of the use of excessive force and a disciplinary due process violation. (Doc. Nos. 1, 10). The Court entered a Pretrial Scheduling Order setting the discovery cutoff date as March 27, 2019 and the dispositive motion due date as April 26, 2019. (Doc. No. 29).

The rules of discovery are to be accorded broad and liberal construction. See Herbert v. Lando, 441 U.S. 153, 177 (1979); Hickman v. Taylor, 329 U.S. 495, 507 (1947). All civil discovery, whether sought from parties or nonparties, is limited in scope by Rule 26(b)(1) in two fundamental ways: (1) the matter sought must be "relevant to any party's claim or defense," and (2) discovery must also be "proportional to the needs of the case." Va. Dep't of Corr. v. Jordan, 921 F.3d 180, 188, (4th Cir. 2019) (quoting Fed. R. Civ. P. 26(b)(1)). Relevance on its own is not a high bar; the proportionality requirement "relieves parties from the burden of taking unreasonable steps to ferret out every relevant document." Id. Whether to grant

1

or deny a motion to compel is generally left within the district court's broad discretion. Id.

As a preliminary matter, Plaintiff's Request for Production of Documents, (Doc. No. 33), will be denied because it is a discovery request that was misdirected to the Court. See LCvR 26.2 ("The parties shall not file any initial disclosures, designations of expert witnesses and their reports, discovery requests or responses therto, deposition transcripts, or other discovery material unless: (1) directed to do so by the Court; (2) such materials are necessary for use in an in-court proceeding; or (3) such materials are filed in support of, or in opposition to, a motion or petition."); (Doc. No. 29 at 2) (Pretrial Order and Case Management Plan).

Plaintiff has also filed a number of Motions to Compel that will be addressed in turn. First, Plaintiff alleges that he was unable to view video surveillance footage that he requested because Officer Morgan, whom Plaintiff had accused of threats and harassment, was one of the escorting officers. (Doc. No. 35). Plaintiff asks that he be granted the opportunity to view the video footage safely. Defendants Graham, Lane, Morrison, White, and Williams filed a Response and supporting evidence indicating that Plaintiff was provided several opportunities to view the videotape outside the presence of Officer Morgan and Plaintiff refused. (Doc. Nos. 41-4, 41-5). Plaintiff's Motion to Compel seeking yet another opportunity to view the videotape footage will therefore be denied.

Plaintiff moves to compel the production of the following documents: (1) DPS Heath Service Policy & Procedure Manual; (2) pages 15-27 and 49-59 of the discovery responses including disciplinary investigation & hearing records; (3) DPS policy on unit management and employee training, administrative seg, intensive control and conditions of confinement; and (4) Health Services Medical Policy & Procedures. (Doc. Nos. 40, 49). Defendants Graham, Lane, Morrison, White, and Williams have filed a Response arguing that Plaintiff is not entitled to the Health Care Policy Manual because the request is overly broad, the document is irrelevant to this

case and extensive, and it will not be produced unless Plaintiff makes a more specific request. (Doc. No. 41). Defendants explain that the other materials have either been produced already or were produced with the Response. (Id.). Plaintiff's Motions to Compel the production of documents will be denied because Defendants have raised valid objections with regards to the Health Services Medical Policy & Procedures and Plaintiff has already been provided the other materials.

Plaintiff also filed a Motion to Compel addressing his requests for admissions and interrogatories. (Doc. No. 49). He argues that Defendants improperly refused to respond to questions about individuals who "participated in" the excessive force incident because it was confusing. (Doc. No. 49). Defendants Graham, Lane, Morrison, White, and Williams filed a Response, supported by exhibits, explaining that they objected because the term "participated" is confusing but they nevertheless responded to Plaintiff's requests for admissions and interrogatories that contained that term. (Doc. No. 55 at 5-7). The record indicates that Defendants complied with their discovery obligation and Plaintiff's Motion to Compel with regards to his requests for admissions and interrogatories will be denied.

Finally, Plaintiff asks that he be provided with an additional set of discovery because prison staff "trashed" his legal materials including his discovery in this case. (Doc. No. 52). This Motion to Compel will be denied as moot because Defendants have supplied Plaintiff with an additional copy of the discovery materials, (Doc. Nos. 54, 52), and Plaintiff admits that most of his case materials have been returned, (Doc. No. 56).

**IT IS, THEREFORE, ORDERED** that

1. Plaintiff's Request for Production of Documents, (Doc. No. 33), is **DENIED**.
2. Plaintiff's Motions to Compel Discovery, (Doc. Nos. 35, 40, 49, 52), are **DENIED**.

Signed: August 19, 2019

Frank D. Whitney
Chief United States District Judge