IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL CASE NO. 3:18-cv-00188-MR

| | |
|---|---|
| JAMES C. McNEILL, | ) |
| Plaintiff, | ) |
| vs. | ) |
| MARQUHNE BENJAMIN JOHNSON, et al., | ) ORDER |
| Defendants. | ) |

**THIS MATTER** is before the Court on the Order requiring the Plaintiff to show cause why Defendant Johnson should not be dismissed from this action for failure to obtain service of process. [Doc. 28].

**I. BACKGROUND**

The *pro se* incarcerated Plaintiff filed this action pursuant to 42 U.S.C. § 1983 for incidents that allegedly occurred at the Lanesboro Correctional Institution. [Doc. 1]. He is proceeding *in forma pauperis*. [Doc. 8].

On August 14, 2018, the Complaint passed initial review with respect to several individuals including Correctional Officer "(FNU) Johnson" for the alleged use of excessive force. [Doc. 1 at 3; see also Doc. 10]. The North Carolina Department of Public Safety was unable to waive service for this former employee, but it provided his full name (Marquhne Benjamin

Johnson) and his last known address in accordance with this Court's Local Rules. [Doc. 15]. The Court ordered the U.S. Marshals Service to use reasonable efforts to locate and attempt service on Defendant Johnson. [Doc. 17]. However, the summons was returned unexecuted. [Doc. 22]. The deputy who attempted service stated, under penalty of perjury, that "Def moved…. No forwarding info left. No employment updates or changes in DMV. Unable to locate Defendant." [Doc. 22 at 2].

On December 26, 2018, the Court notified the Plaintiff that it would dismiss Defendant Johnson without prejudice within 14 days unless Plaintiff showed good cause for the failure to timely serve this Defendant pursuant to Fed. R. Civ. P. 4(m). [Doc. 28]. The Plaintiff filed a Response, arguing that Defendant Johnson is the main perpetrator in Plaintiff's alleged assault; that he is intentionally avoiding the lawsuit by moving from his last known address; that Defendant Susan Morrison told another inmate that she has had communication with Johnson; and that Johnson can be located by the U.S. Marshals Service through his current employer. [Doc. 30].

## II. LEGAL STANDARD

Rule 4(m) of the Federal Rules of Civil Procedure requires a plaintiff to serve a summons and complaint on each defendant within 90 days after the complaint is filed. Fed. R. Civ. P. 4(m). This period is tolled while the district

2

court considers an *in forma pauperis* complaint on initial review. Robinson v. Clipse, 602 F.3d 605, 608 (4th Cir. 2010). Rule 4(m) requires an extension of the service period when the plaintiff can show "good cause" for the failure to serve. Fed. R. Civ. P. 4(m); see Brooks v. Johnson, 924 F.3d 104, 120 (4th Cir. 2019). What determines "good cause" for purposes of Rule 4(m) "necessarily is determined on a case-by-case basis within the discretion of the trial court." Collins v. Thornton, 782 F. App'x 264 (4th Cir. 2019) (quoting Scott v. Md. State Dep't of Labor, 673 F. App'x 299, 306 (4th Cir. 2016)). "[G]ood cause generally exists when the failure of service is due to external factors, such as the defendant's intentional evasion of service." Attkisson v. Holder, 925 F.3d 606, 627 (4th Cir. 2019). If a plaintiff fails to effect service within the time required, the district court must dismiss the action "or order that service be made within a specified time." Fed. R. Civ. P. 4(m).

## III. DISCUSSION

More than 90 days have elapsed since the Court authorized the U.S. Marshals Service to serve Defendant Johnson on August 14, 2018. The Plaintiff's suggestion that the failure to serve Defendant Johnson is attributable to the U.S. Marshals Service is not supported by the record. The U.S. Marshals Service timely attempted to serve Defendant Johnson at his last known address. [See Doc. 22]. It then used reasonable efforts to locate

3

Case 3:18-cv-00188-MR   Document 71   Filed 06/08/20   Page 3 of 5

Defendant Johnson by seeking a forwarding address and researching DMV and employment records. [Doc. 22 at 2]. The Plaintiff's contention that Defendant Johnson can be located by the U.S. Marshals Service through his current employer is purely speculative and refuted by the U.S. Marshals Service's sworn statement to the contrary. The Plaintiff's suggestion that that Defendant Johnson evaded service, which is based only on the fact that the Defendant moved his residence, is purely speculative. The Plaintiff's claim that Defendant Johnson communicated with another Defendant at some point is conclusory and fails to demonstrate evasion. Moreover, it appears that an extension of the service deadline would prejudice Defendant Johnson. Discovery has closed,[1] the dispositive motions deadline has expired, and the case is ripe for trial. Conversely, the statute of limitations has not yet expired so that the Plaintiff would not be time-barred from asserting his § 1983 claim against Defendant Johnson in a future action. [See Doc. 1 at 2] (alleging that Defendant Johnson's use of excessive force occurred on October 28, 2017).

Weighing the relevant factors and the circumstances of this case, the Court concludes that the Plaintiff has failed to demonstrate good cause for

---

[1] It is noted that Plaintiff failed to obtain the current address of Defendant Johnson through discovery, even though Plaintiff had the opportunity to inquire of a co-defendant who Plaintiff asserts had such information.

4

the failure to obtain service on Defendant Johnson and that an extension of time is not warranted. Therefore, the Court will exercise its discretion and dismiss this action as to Defendant Johnson for lack of service.

## V. CONCLUSION

For the reasons stated herein, the Court will dismiss Defendant Johnson from this action without prejudice pursuant to Fed. R. Civ. P. 4(m).

**IT IS, THEREFORE, ORDERED** that the Plaintiff's claims against Defendant Johnson are hereby **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

Signed: June 8, 2020

Martin Reidinger
Chief United States District Judge