IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL CASE NO. 3:18-cv-00188-MR

JAMES C. McNEILL,         )
                          )
         Plaintiff,       )
                          )
vs.                       )         ORDER
                          )
MARQUHNE BENJAMIN         )
JOHNSON, et al.,          )
                          )
         Defendants.      )
_____)

**THIS MATTER** is before the Court *sua sponte*.

In February 2020, the Honorable Frank D. Whitney, Chief United States District Judge,[1] entered an Order granting summary judgment in favor of the named Defendants on a number of claims, leaving only the Plaintiff's claims of excessive force and failure to intervene against Defendants Graham, Lane, and Morrison for trial.[2] [Doc. 65]. In this Order, Chief Judge Whitney instructed the Clerk to "use reasonable efforts to locate a volunteer

---

[1] On April 24, 2020, this matter was reassigned to the undersigned.

[2] The only other named Defendant remaining in the case after summary judgment was Defendant Marquhne Johnson, but he has been dismissed from the case by way of a separate Order. [Doc. 71].

lawyer to assist Plaintiff at trial pursuant to" the Court's Prisoner Assistance Program ("PAP"). [Doc. 65 at 22].

There is no absolute right to the appointment of counsel in civil actions such as this one. The mere fact that the Plaintiff's case is proceeding to trial does not constitute "exceptional circumstances" warranting the appointment of counsel. See Miller v. Simmons, 814 F.2d 962, 966 (4th Cir. 1987) (holding that plaintiff must present "exceptional circumstances" in order to justify appointment of attorney). The Court previously instructed the Clerk to make "reasonable efforts" to locate a volunteer attorney to represent him at trial. [Doc. 65 at 22]. Having made such efforts, the Clerk of Court has been unable to identify a volunteer attorney to represent the Plaintiff.[3] Additionally, effective June 9, 2020, the Court has suspended the PAP until further notice. [See Misc. Case No. 3:19-mc-00013, Doc. 4]. Accordingly, the Plaintiff will be required to proceed to trial *pro se*.

The Court notes that Defendants Graham, Lane, and Morrison have requested a jury trial in this matter.[4] [See Doc. 27]. The ongoing COVID-19 pandemic has made the scheduling of jury trials within this District

---

[3] One attorney contacted by the Clerk's Office initially agreed to represent the Plaintiff; however, this attorney never made an appearance in the case despite repeated requests from the Clerk's Office.

[4] The Plaintiff's Complaint does not appear to contain a jury demand. [See Doc. 1].

increasingly difficult.  The parties are therefore advised that if they wish to proceed with a trial by jury, such trial is not likely to occur before January 2021.  If, however, the parties unanimously agree to waive their right to a jury, the Court would be able to hold a non-jury (bench) trial during the September 2020 term.  The Court will allow the parties fourteen (14) days from the entry of this Order to advise how they wish to proceed.

**IT IS, THEREFORE, ORDERED** that the Plaintiff will be required to proceed to trial *pro se*.

**IT IS FURTHER ORDERED** that, within fourteen (14) days of the entry of this Order, the parties shall advise the Court in writing as to whether they agree to waive their right to a jury trial in this matter.

**IT IS SO ORDERED.**

Signed: June 9, 2020

Martin Reidinger
Chief United States District Judge