IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL CASE NO. 3:18-cv-00188-MR

| | | |
|---|---|---|
| JAMES C. MCNEILL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| MARQUHNE BENJAMIN JOHNSON, et al., | ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on Plaintiff's Motion to Compel [Doc. 78] and Motion for Sanctions [Doc. 84].

In his Motion to Compel, the *pro se* incarcerated Plaintiff asks the Court to compel defense counsel to "reproduce Defendant's discovery responses and 1983 form statement of claim" because prison administrators removed legal materials from Plaintiff's cell. [Doc. 78 at 1]. In his Motion for Sanctions, Plaintiff states that he was given back one box of his legal materials on September 21, 2020, but that those materials do not relate to the instant case, that his requests for the relevant materials have been denied, and that defense counsel failed to respond to his Motion to Compel. [Doc. 84]. Plaintiff has attached grievances to his Motion in which he alleges that prison

staff are refusing to allow him to switch out legal property boxes and that he is being subjected to disciplinary action in order to cover up prison wrongdoing. [Docs. 84-1, 84-2]. Plaintiff asks the Court to hold Defendants in contempt of court, enter default judgment in his favor, and sanction Defendants in the amount of $2,300.

Defendants have filed a response which attaches a copy of the Complaint. [Doc. 86-3]. Defendants state that they are willing to provide Plaintiff with another copy of the voluminous discovery materials in this case. Defendants have filed affidavits from Eldridge Walker and Kenneth White, prison unit managers, who state that Plaintiff's personal property was confiscated after he assaulted staff by throwing urine and feces on them, but that he is still entitled to access his legal materials upon request pursuant to prison policy, but that he has made no such request. [Docs. 86-5, 86-6]. Defendants explain that Plaintiff has approximately eight boxes of legal materials in this case and his other numerous other cases, and that he is not allowed to have all of those materials in his cell at the same time.

Plaintiff's Motion is moot insofar as Defendants have provided him with another copy of the Complaint. [See Doc. 86-3]. Plaintiff's Motion to Compel will be granted insofar as counsel for Defendants are instructed to mail a copy of Defendants' discovery responses in this case, including any

2

documents produced therewith, so that Plaintiff can prepare for trial which is scheduled to commence on January 11, 2021.

Plaintiff's Motion for Sanctions is denied because Plaintiff has not demonstrated a basis for either the entry of default judgment or for the imposition of sanctions against Defendants.

**IT IS, THEREFORE, ORDERED** that Plaintiff's Motion to Compel [Doc. 78] is **GRANTED IN PART** and **DENIED in PART**. Counsel for Defendants shall mail Plaintiff a copy of Defendants' discovery responses in this case, including any documents produced therewith, within **five (5) days** of the entry of this Order.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Sanctions [Doc. 84] is **DENIED**.

**IT IS SO ORDERED.**

Signed: December 18, 2020

_____
Martin Reidinger
Chief United States District Judge

3

Case 3:18-cv-00188-MR   Document 87   Filed 12/18/20   Page 3 of 3