UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:18-cv-188-GCM

| JAMES C. MCNEILL, | ) |  |
|---|---|---|
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| MARQUHNE BENJAMIN JOHNSON, et al., | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

**THIS MATTER** is before the Court on Plaintiff's *pro se* Motions for Reconsideration, (Doc. Nos. 113, 114).

The *pro se* incarcerated Plaintiff filed this action pursuant to 42 U.S.C. § 1983 regarding incidents that allegedly occurred at the Lanesboro Correctional Institution. Several claims passed initial review and a jury trial was scheduled to commence before the undersigned on June 16, 2021.[1] (Doc. No. 97). On June 10, 2021, the parties filed a Stipulation of Dismissal indicating that they had reached a private settlement, and that all of the Plaintiff's claims would be dismissed with prejudice pursuant to Rule 41(a)(1) of the Federal Rules of Civil Procedure. (Doc. No. 110). The voluntary dismissal was entered and the case was closed that same day.

The Plaintiff has now filed the instant Motions for Reconsideration. He appears to argue that the voluntary dismissal should be set aside because the Defendants have breached the terms of the settlement agreement. Specifically, the Plaintiff asserts that he requested copies of his last

---

[1] The case was previously assigned to Judges Frank D. Whitney and Martin Reidinger, and a trial had been set and rescheduled on several occasions.

five Control Status Review documents as a condition of settlement, but that these reports were redacted by the Defendants and thus fail to comply with the parties' agreement.

The Defendants filed a Response indicating that they have complied with all the terms of the settlement agreement, including its provision of Plaintiff's last five Control Status Reviews. (Doc. No. 115). The Defendants concede that the Control Status Reviews provided to the Plaintiff were redacted to exclude the names of the individuals who determined the Plaintiff's housing classification, which are never disclosed to inmates. This was done to prevent the Plaintiff, who has an extensive history of frivolous litigation, from filing additional lawsuits to harass NCDPS employees.

The Plaintiff filed a Reply in which he admits that Defendants have now provided copies of the Control Status Reviews that disclose the decision-makers' names and the final review authority information. (Doc. No. 117). However, he complains that the names of the Facility Classification Committee ("FCC") members remain redacted. He contends that defense counsel has provided false and misleading information to the Court in a "smear campaign" against him with regards to his litigation history and the availability of classification information to inmates, and that counsel has sabotaged his case by failing to serve him with copies of pleadings. (Doc. No. 117 at 2-3). The Plaintiff now alleges that the Defendants have violated other terms of the settlement agreement with regards to dental treatment and visits from family members. The Plaintiff further alleges that he has been charged with assaultive behavior in retaliation for his opposition to staff, has had to "become aggressive to prevent an attack or in self-defense," and is the victim of "malicious abuse and deliberate violation of his civil rights…." (Doc. No. 117 at 2-3).

The Fourth Circuit has held that, "when a settlement agreement has been breached two

2

Case 3:18-cv-00188-GCM   Document 118   Filed 08/13/21   Page 2 of 4

remedies are available – a suit to enforce the agreement or a Rule 60(b)(6) motion to vacate the prior dismissal." Harman v. Pauley, 678 F.2d 479, 481 (4th Cir. 1982). Rule 60(b) is an "extraordinary remedy" which sets aside "the sanctity of [a] final judgment." Compton v. Alton Steamship Co., Inc., 608 F.2d 96, 102 (4th Cir. 1979) (citation and internal quotation marks omitted). Relief from judgment under Rule 60(b)(6) should be granted only upon a showing that relief is "appropriate to accomplish justice" in "situations involving extraordinary circumstances." Dowell v. State Farm Fire Cas. Auto. Ins. Co., 993 F.2d 46, 48 (4th Cir.1993) (internal quotation marks and citation omitted).

The Plaintiff's *pro se* Motions will be liberally construed as seeking relief pursuant to Rule 60(b)(6). In the instant case, the parties entered into a "private settlement," the terms of which were not disclosed to the Court. See (Doc. No. 110). Assuming *arguendo* that the Defendants have breached the terms of the settlement agreement, no extraordinary circumstances are apparent here that would require the Court to set aside the dismissal in order to accomplish justice because the Plaintiff may file a separate action to enforce the settlement agreement. Accordingly, there is no reason to set the voluntary dismissal aside. See, e.g., Sawka v. Healtheast, Inc., 989 F.2d 138, 140-41 (3d Cir. 1993) (finding no basis upon which to legitimately set aside the judgment of dismissal under Rule 60(b), on an allegation of breach of the settlement agreement, where an action to enforce the settlement agreement was available); Trustees of Painters' Tr. Fund of Washington, D.C., & Vicinity v. Clabbers, 2010 WL 2732241, at *5–6 (D. Md. July 9, 2010) (same). The Plaintiff's Motions for Reconsideration will therefore be denied. To the extent that the Plaintiff asserts that new violations of his civil rights have occurred, he must raise these claims, if at all, in a separate action.[2]

---

[2] The Court expresses no opinion regarding the merit or procedural viability of either an enforcement action or a new action addressing alleged violations of his civil rights.

**IT IS, THEREFORE, ORDERED** that Plaintiff's *pro se* Motions for Reconsideration, (Doc. Nos. 113, 114), are **DENIED.**

Signed: August 13, 2021

Graham C. Mullen
United States District Judge